# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| GUILLERMO TORRES, ) | CASE NO. 1:08-cv-1062 |
| ) | |
| Petitioner, ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| CARL ANDERSON, Warden ) | |
| ) | |
| Respondent. ) | **REPORT AND RECOMMENDATION** |
| ) | |

Petitioner, Guillermo Torres ("Torres"), challenges the constitutionality of his conviction in the case of *State v. Torres*, Cuyahoga County Court of Common Pleas Case No. CR-05-470695. Torres, *pro se*, filed a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on April 24, 2008 with the United States District Court for the Northern District of Ohio. On August 21, 2008, Warden Carl Anderson ("Respondent") filed a Motion to Dismiss. (Doc. No. 7.) Torres filed a Traverse on October 29, 2008. (Doc. No. 10.) Respondent then filed a Reply on October 31, 2008. (Doc. No. 11.)[1] This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that Torres's petition be DISMISSED.

---

[1] Torres filed a Motion to Strike Respondent's Reply on November 19, 2008. (Doc. No. 12.) Torres's motion was denied on February 2, 2009.

## I. Procedural History

**A. Conviction**

On September 22, 2005, the Cuyahoga County Grand Jury charged Torres with one count of aggravated murder in violation of Ohio Revised Code ("O.R.C.") § 2903.01(A) together with a firearm specification. On April 27, 2006, a jury found Torres not guilty of aggravated murder, but guilty of the lesser included offense of murder and the firearm specification. (Doc. No. 7, Exh. 5.) On June 5, 2006, the trial court sentenced Torres to fifteen years to life for the murder conviction and an additional three years incarceration on the firearm specification. By law, the sentences must be served consecutively. (Doc. No. 7, Exh. 6.)

**B. Direct Appeal**

Torres, through counsel, filed a timely Notice of Appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court").

On May 24, 2007, the state appellate court affirmed Torres's conviction. (Doc. No. 7, Exh. 9.)

On August 14, 2007, Torres, through new counsel, filed a Motion for Delayed Appeal with the Supreme Court of Ohio. (Doc. No. 7, Exh. 10.) This motion was denied on September 26, 2007. (Doc. No. 7, Exh. 11.)

**C. Federal Habeas Petition**

On April 24, 2008, Torres filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:

> GROUND ONE: The trial court erred in violation of defendant's rights to due process of law, under the fourteenth amendment of the United States Constitution and Article I, Section 16 of the Ohio Constitution, in den[y]ing defendant's motion to suppress the eyewitness identification of Harold Ford, Frank Camarda,

and David Lett.

GROUND TWO: The trial court erred in violation of defendant's rights against self-incrimination, and denying defendant's motion to suppress st[a]tements.

GROUND THREE: The verdict was against the manifest weight of the evidence in violation of the defendant's right to due process of law.

(Doc. No. 1.)

## II. Procedural Default

Respondent asserts that all three of Torres's grounds for relief are procedurally defaulted because Torres failed to raise the issues in a timely manner before the Supreme Court of Ohio. (Doc. No. 7 at 17-24.)

**A. Procedural Default Standard**

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir.2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). A claim may become procedurally defaulted in two ways. *Id*. First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[2] *Id.*

---

[2] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule,

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*. In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id*. Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id*.

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can take four actions in his brief which are significant to the determination as to

---

(2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id*. at 138-39; *Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D. Ohio 2002).

-4-

whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id*. Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219-20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (*citing Strickler v. Greene*, 527 U.S. 263, 289 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). Conclusory statements are not enough – a petitioner must "support his

allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *See Jones v. Bradshaw*, 489 F.Supp.2d 786, 807 (N.D.Ohio 2007).

**B.     Application to Torres**

It is undisputed that Torres timely filed an appeal with the state appellate court and raised the same three grounds for relief as presented in his habeas petition.  However, the Ohio Supreme Court received Torres's Motion for Delayed Appeal on August 14, 2007, over seventy (70) days after the state appellate court's decision.  (Doc. No. 7, Exhs. 9 & 10.)  Torres did not specify the issues he would have raised had the delayed appeal been allowed.[3]  (Doc. No. 7, Exh 10.)  The Ohio Supreme Court denied Torres's motion to file a delayed appeal.  (Doc. No. 7, Exh. 11.)  Therefore, while Torres exhausted his claims, the Supreme Court never addressed the merits thereof.

Pursuant to Ohio Supreme Court Rule II § 2(A)(1), an appellant's failure to perfect his or her appeal within forty-five (45) days from the entry of the judgment being appealed "divest[s] the Supreme Court of jurisdiction to hear the appeal."  However, Ohio Supreme Court Rule II § 2(A)(4) allows an appellant to seek a delayed appeal after expiration of the deadline.  The Supreme Court, in its discretion, may hear the appeal *if* it finds adequate reasons for delay. Here, the Ohio Supreme Court actually enforced its procedural rule requiring the appeal to be

---

[3] Pursuant to Ohio Supreme Court Rule § 2(A)(4)(c), a memorandum in support of jurisdiction is only to be filed if the Supreme Court grants the motion to file a delayed appeal.

perfected within 45 days by denying Torres's motion to file a delayed appeal.[4] Further, as the issues Torres would have raised were never before the Court, its denial of Torres's motion could not have been based, in any respect, on the merits. The only reasonable interpretation of the Ohio Supreme Court's denial of Torres's motion for a delayed appeal is that the Court enforced its procedural sanction finding Torres's stated reasons for the delay were insufficient to excuse his untimeliness.

The Sixth Circuit has recognized that a refusal by the Ohio Supreme Court to hear a delayed appeal amounts to an adequate procedural bar precluding habeas review. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (Ohio Supreme Court's denial of Bonilla's motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal court review of Bonilla's habeas corpus petition), *citing Shabazz v. State of Ohio*, 1998 U.S. App. LEXIS 13444, *3 (6th Cir. June 18, 1998) (unpublished) (The petitioner procedurally defaulted his claims by not filing a timely appeal with the Ohio Supreme Court when that court denied his motion for delayed appeal); *Hall v. Huffman*, 2000 U.S. App. LEXIS 25956 (6th Cir. Oct. 11, 2000) (unpublished); *Barkley v. Konteh*, 240 F. Supp.2d 708 (N.D. Ohio 2002). The *Bonilla* court explained that since motions for a delayed appeal do not contain the actual claims and supporting arguments sought to be presented on appeal, the denial of a motion for a delayed appeal is necessarily a procedural ruling rather than a ruling on the merits.

---

[4] The Ohio Supreme Court's denial contained the following language: "Upon consideration of appellant's motion for delayed appeal, It is ordered by the Court that the motion is denied. Accordingly, this cause is dismissed." (Doc. No. 7, Exh. 11.) If a state court is silent as to its reasons for denying requested relief, a habeas court assumes that the state court would have enforced any applicable procedural bar. *See, e.g., Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).

Although Torres's claim is procedurally defaulted, a federal court may consider his claim if he demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law or if he can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Coleman*, 501 U.S. at 750. Torres's only explanation for his default to this Court is that he did not have an attorney after his appeal to the state appellate court was completed and did not know what to do next. (Doc. No. 1.)

The alleged failure of the state to appoint counsel on a discretionary appeal or appellate counsel's alleged failure to file a discretionary appeal with the Ohio Supreme Court cannot serve as "cause" to excuse Torres's procedural default. Only a performance that is constitutionally deficient under the *Strickland* standard can serve as "cause" for procedural default. *See Carrier*, 477 U.S. at 488-489. Torres, however, did not have a constitutional right to counsel on a discretionary appeal to the Ohio Supreme Court. *See Ross v. Moffitt*, 417 U.S. 600, 610 (1974) ("We do not believe that the Due Process Clause requires [a state] to provide respondent with counsel on his discretionary appeal to the State Supreme Court."); *accord Halbert v. Michigan*, 545 U.S. 605 (2005). The Sixth Circuit has held that "[w]here the defendant has no right to counsel, he cannot be deprived of the effective assistance of counsel." *Washpun v. United States*, 109 Fed. Appx. 733, 735 (6th Cir. 2004). As such, Torres's argument that he was without counsel or that counsel failed to file an appeal before the Supreme Court of Ohio does not constitute "cause" excusing his procedural default. *See Bonilla*, 370 F.3d at 498 ("[T]he failure to establish cause eliminates the need to consider prejudice.")

Finally, Torres does not raise an actual innocence claim that could excuse his procedural

default and prevent a "manifest injustice." *See Coleman*, 501 U.S. at 749-50. An actual innocence claim will only excuse a procedural default where it is supported by "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324; *Jones*, 489 F.Supp.2d at 807. Torres has not asserted that he is actually innocent, nor has he drawn the Court's attention to any new evidence. Thus, this Court has no basis to excuse Torres's procedural default.

For the foregoing reasons, Torres's petition should be dismissed in its entirety as procedurally defaulted.

### III. Conclusion

For the foregoing reasons, the Magistrate Judge recommends Torres's Petition be DISMISSED.

s/ Greg White<br>U.S. MAGISTRATE JUDGE

Date: February 17, 2009

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**